JIMMY HARRIS,

    Plaintiff,

v.                               Case No. 14-C-1002

CITY OF MILWAUKEE,
OFFICER FROILAN SANTIAGO,
OFFICER MARK KAPUSTA,
OFFICER STEVEN STELTER,
MILWAUKEE POLICE DEPARTMENT,
CHIEF OF POLICE EDWARD FLYNN,
LIEUTENANT DAVID A. SALAZAR,
CAPTAIN OF POLICE DIANE ROWE,
SERGEANT MCCULOUGN,
FIRE AND POLICE COMMISSION,

    Defendants.

## RULE 26(f) REPORT

The plaintiff, by his counsel, and the defendants, by their counsel, and pursuant to Federal Rules of Civil Procedure 16 and 26(f), provide the following information for the Rule 16(b) scheduling conference set to begin at 1:00 p.m. on September 1, 2015:

**Report of Proposed Discovery Plan**

    1.     Changes in timing, form, or requirement for Rule 26(a) disclosures: Initial disclosures have not yet been provided by any party. The parties agree that such disclosures will be made within thirty days of the date of the scheduling conference.

    2.     Subjects for discovery, deadline to complete discovery, and limits or phasing of discovery: The plaintiff's civil rights claims arise from a traffic stop and ensuing arrest; Harris

claims that Officer Santiago lacked reasonable suspicion to stop Harris and several officers employed excessive force upon him. Harris also claims that one or more individuals did not properly investigate Harris' complaint about this incident and that the entire incident resulted from defects in hiring, training, supervising, and disciplining the defendant officer and others. Due to the discovery burden imposed by *Monell* discovery requests, the defendants request that discovery be phased and that initial discovery be limited to the events surrounding only the incident itself, including reports relating to the incident, administrative disciplines and discipline reports, defendant officers' training and personnel files and pertinent policies and procedures, followed by a deadline for dispositive motions, before any other discovery is permitted on *Monell* questions.

3. Issues about electronically stored information: the parties are not aware of any such issues at this time.

4. Issues about privilege: as of this time, the parties are not aware of such issues, however, the defendants do believe that any request for personnel records would touch upon matters that should remain confidential (personal information about officers such as address, social security numbers, family contacts, and any unrelated complaints about conduct) or privileged (injury and related health care information). In the event of discovery requests for any such matters, disclosure of any such material should, at a minimum, be the subject of an appropriate stipulation and order for confidentiality pursuant to local rules.

5. Changes to limitations on discovery: at this time, the parties are not aware of any reason for any changes to limits imposed on discovery.

6. Other orders under Rule 26(c) or Rule 16(b) and (c): the issue of confidentiality of certain matters is addressed above; amendment of pleadings should be permitted up to sixty

(60) days after the date of the scheduling conference; discovery on non-*Monell* matters and should be completed and dispositive motions should be filed within eleven months of the date of the scheduling conference

| | |
|---|---|
| Dated this 27th day of August, 2015 | Dated this 27th day of August, 2015 |
| Attorney Timothy L. Baldwin<br>Attorney for Plaintiff | MILWAUKEE CITY ATTORNEY'S OFFICE<br>Attorneys for Defendants |
| s/TIMOTHY L. BALDWIN<br>State Bar No. 1037180 | s/JAN A. SMOKOWICZ<br>State Bar No. 1008429 |

1032-2014-2034.001:218576