officers to believe that this dark-colored car was not the gray Chrysler shown on the registration. PFOF 23, 29. Searching the trunk and interior could either confirm or eliminate the belief that this car was not the gray Chrysler shown on the registration records; a detailed inspection could better reveal the true car color or uncover evidence of repainting of the car. *See* the discussion of such investigation located on the internet at the time of the writing of this brief at: https://msu.edu/~steine13/paintwork.html. The officers' search of the interior and trunk area of the car was, therefore, a lawful search incident to Mr. Harris' arrest.

### B. Qualified immunity

Once again, it is Harris' obligation to produce case law in which "the facts of the existing case law must closely correspond to the contested action before the defendant official is subject to liability." *Gregorich,* 54 F.3d at 415. Harris must demonstrate that the claimed right is "clearly established" in a "particularized" sense. *Anderson*, 483 U.S. at 640.

Santiago, Kapusta, Stelter and McCullough are not aware of any case establishing that a search of the interior areas of Harris' vehicle in an effort to determine the registration issue was a violation of Harris' clearly established right in a particularized sense. These officers are, therefore, entitled to qualified immunity from Harris' unreasonable-search claim.

### VII. HARRIS CANNOT MAINTAIN A *MONELL* CLAIM AGAINST THE CITY OR FLYNN WITH THE DISMISSAL OF THE UNDERLYING CLAIMS AGAINST THE OFFICERS

The Supreme Court in *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) held that Los Angeles could not be held liable for the claimed violations of arrest without probable

19