UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JIMMY HARRIS,

    Plaintiff,

v.

CITY OF MILWAUKEE, OFFICER FROILAN SANTIAGO, OFFICER MARK KAPUSTA, OFFICER STEVEN STELTER, CHIEF OF POLICE EDWARD FLYNN, and SERGEANT WALTER MUCULOUGH,

    Defendants

Case No.: 14-CV-1002

Jury Trial Demanded

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY PRUSUANT TO FED.R.CIV.P. 56(f)**

NOW COMES Plaintiff Jimmy Harris, by his attorneys, and pursuant to Fed.R.Civ.P. 56(f), moves the Court for summary judgment, as to liability only, against Defendants.

## ARGUMENT

**I. FEDERAL RULE OF CIVIL PROCEDURE 56(f) PERMITS A COURT TO GRANT SUMMARY JUDGMENT TO THE NON-MOVING PARTY.**

Fed.R.Civ.P. 56(f) provides, among other things, that:

(f) **Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;
(2) grant the motion on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed.R.Civ.P. 56(f). *See also Hotel 71 Mezz Lender LLC v. National ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015); *Williams v. City of Chicago*, 733 F.3d 749, 755 (7th Cir. 2013).

Here, there is no dispute now that the traffic stop of Harris was illegal, under state law, and a seizure of Harris under the 4th Amendment, and the Court can find both facts as a matter of law.

## II. DEFENDANTS WITHDRAWAL OF THEIR MOTION FOR SUMMARY JUDGMENT ACKNOWLEDGES THAT THE TRAFFIC STOP OF JIMMY HARRIS BY OFFICER FROILAN SANTIAGO WAS ILLEGAL.

Defendants originally moved for summary judgment in which they claimed that Defendant Santiago had a legal right to initiate a traffic stop against Plaintiff Jimmy Harris based on the color of Harris' vehicle. Subsequently, in response, Harris filed a response brief specifically noting that Wis. Stat. § 349.02(2)(c) provides that:

> Notwithstanding par. (a), a law enforcement officer *may not stop a vehicle solely because the vehicle's color differs from the color stated in the application for registration of that vehicle*. This paragraph does not limit the authority of a law enforcement officer to issue a citation for improper registration of a vehicle whose color differs from the color stated in the application for registration of the vehicle, if the difference is observed in the course of a stop or inspection made for other purposes.

(emphasis added).[1]

Because there was no other articulated basis for the traffic stop other than the color of the vehicle, the initial stop was illegal. And, importantly, all of the bad conduct of the individual defendants, including the illegal seizure and improper use of force, flowed from that illegal seizure of Harris, including his personal injuries.

## III. DEFENDANTS HAVE NO CLAIM TO QUALIFIED IMMUNITY.

Qualified immunity generally can shield a police officer, such as the individual defendants, from liability for civil damages, but only if their conduct does not violate clearly

---

[1] *See also* Wis. Stat. § 341.335(1)(m): "No person is required to notify the department before the next renewal of registration for the vehicle that a vehicle's color has been changed from the color stated in the most recent application for registration of the vehicle." Thus, even if Harris had changed the color of the vehicle, state statute required that he notify the Department of Transportation the next time he registered the vehicle. Driving a vehicle with the wrong color, standing alone, is not illegal.

established statutory or constitutional rights of which a reasonable person would have known. *Estate of Escobedo v. Bender*, 600 F.3d 770, 778 (7th Cir. 2010); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To determine whether the defendants are entitled to qualified immunity, the Court must analyze and answer two questions: (1) whether a constitutional right is violated based on Harris' version of the facts as the original non-moving party for summary judgement; and (2) whether the constitutional right was clearly established at the time of the alleged violation. *Viilo v. Eyre*, 547 F.3d 707, 709-10 (7th Cir. 2008); *Williams v. City of Chicago*, 733 F.3d 749, 758 (7th Cir. 2013).

The dispositive inquiry to determine if a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012). This standard protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can reasonably . . . anticipate when their conduct may give rise to liability for damages. *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir. 2013) (citations omitted). The inquiry the Court conducts must be "undertaken in light of the specific contact of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198-199 (2004). Indeed, the inquiry is "particularized" based on the facts confronting the officer. *Id.*

Here, there is no dispute that the initial stop, a seizure, was illegal based on state law that made it illegal to pull a vehicle over solely based on its color. Thus, the answer to both questions is yes.

**IV. PLAINTIFF RELIES ON ALL OF THE ARGUMENTS HE RAISED IN HIS SUMMARY JUDGMENT RESPONSE BRIEF, WHICH WAS NOT WITHDRAWN.**

In the stipulation filed with the Court on May 17, 2018, Defendants withdrew their summary judgment motion and all documents in support:

2. Defendants withdraw their Motion for Summary Judgment, originally filed on February 7 and February 8, 2018, and all documents in support of their Motion for Summary Judgment;

Stipulation, dated May 17, 2018, ECF #83, at Paragraph 2.

However, Plaintiff did not stipulate to withdraw his response brief and supporting documents. Thus, Plaintiff relies on the documents he also submitted to the Court in his summary judgment response brief and supporting documents in support of this Rule 56(f) motion.

## CONCLUSION

For the reasons stated herein, in Plaintiff's summary judgment response documents, and in the pleadings, generally, Plaintiff believes the Court has enough information at its disposal to award Plaintiff summary judgment as to liability only so that this matter can proceed to trial on damages.

Dated this 18th day of May, 2018.

**CADE LAW GROUP LLC**

By: s/Nathaniel Cade, Jr.
Nathaniel Cade, Jr.
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff