

**NATHANIEL CADE, JR.**
nate@cade-law.com
www.cade-law.com

May 18, 2018

**VIA ELECTRONIC FILING**

Hon. Lynn Adelman
U.S. District Court for the Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:    <u>Jimmy L. Harris v. City of Milwaukee, et al.</u>
              Eastern District of Wisconsin Case No. 14-CV-1002

Dear Judge Adelman:

      This letter is in response to the Stipulation the parties recently filed in the above-referenced case. As noted in the Court's Order and the filed Stipulation, Defendants have withdrawn their motion for summary judgment. The grounds for the withdrawal, as noted in Plaintiff's response brief, filed on May 3, 2018, is that Defendant Froilan Santiago, as an officer for the Milwaukee Police Department, did not have a legal justification to initiate a traffic stop of Plaintiff Jimmy Harris.

      More to the point, Wis. Stat. § 349.02(2)(c) *specifically* bars an officer from stopping a vehicle solely based on its color. In the original motion for summary judgment, Defendants argued that Officer Santiago initiated the stop of Mr. Harris' vehicle because the vehicle appeared to be black, as opposed to the color gray, which is how the vehicle was identified in the Wisconsin Department of Transportation (DMV) database. Subsequently, after effecting the illegal stop of Mr. Harris, Officer Santiago attempted to put Mr. Harris in handcuffs and called for back-up. Officers (now Sergeants) Kapusta and Stelter arrived, and subsequently jumped on Mr. Harris to secure him, then handcuffed him, thereby leading to his injuries for which he now seeks damages.

      I believe that by withdrawing the motion for summary judgment and based on Wis. Stat. § 349.02(2)(c), Defendants admit that the stop of Mr. Harris was illegal, and therefore, the Defendants, including the City of Milwaukee, are liable to Mr. Harris for all of the damages that flowed from the illegal stop, and the end result is that a jury should be given the opportunity to determine Mr. Harris' damages. Alternatively, I will request a jury instruction that the stop of Mr. Harris was illegal as a matter of law,

      Finally, Plaintiff also believes that the materials Plaintiff placed into the record as a response to Defendants' motion for summary judgment demonstrate that the City of Milwaukee is liable pursuant to *Monell*. More specifically, (now former) Police Chief Flynn testified that his officers had the ability to initiate a traffic stop solely based on the color of a vehicle. Obviously, this is not the law but it demonstrates a belief from the top of the Police Department

      Thus, this letter and the subsequent motion that I also am filing, will serve as a request that the Court grant Plaintiff summary judgment, as to liability only, pursuant to Fed.R.Civ.P. 56(f). *See also Hotel 71 Mezz Lender LLC v. National ret. Fund*, 778 F.3d 593, 603 (7th Cir. 2015); *Williams v. City of Chicago*, 733 F.3d 749, 755 (7th Cir. 2013).

      In addition, this letter also will serve as a request for either a status conference or a pretrial conference, since the parties are now ready for trial with regards to the issue of damages.

      Very truly yours,

      **CADE LAW GROUP LLC**

      Nathaniel Cade, Jr.

NC:cn

cc:    Mr. Jimmy Harris
        Jan A. Smokowicz, Esq. (via ECF Only)