UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**JIMMY HARRIS,**
      **Plaintiff,**

      v.                                       **Case No. 14-CV-1002**

**CITY OF MILWAUKEE et al.,**
      **Defendants.**
_____

## ORDER ON MOTIONS IN LIMINE

Plaintiff Jimmy Harris alleges that he was injured and his constitutional rights violated in the course of a traffic stop conducted by officers of the Milwaukee Police Department. This case is set for trial beginning on October 28, 2019. Defendants have filed several motions in limine, which are addressed in this order. It is noteworthy that defendants have not presented to the court any fully-briefed dispositive motion addressing plaintiff's claims. Defendants filed a motion for summary judgment in February, 2018, but withdrew it before it was fully briefed. ECF # 83. Plaintiff also filed a motion for summary judgment, which I denied. In consequence of this procedural history, the issues have not yet been fully narrowed for trial—a circumstance reflected in several of the instant motions in limine.

*Motions to exclude evidence in support of various theories of liability or recovery.*

Several of defendants' motions in limine seek to exclude evidence in support of various theories of liability. Motion in Limine No. 1 seeks to exclude evidence in support of a claim for lost wages, income, or earning capacity. Motion

in Limine No. 2 seeks to exclude evidence in support of a claim that defendants Kapusta or Stelter used excessive force against the plaintiff. Motion in Limine No. 3 seeks to exclude evidence that the plaintiff was unreasonably seized by defendants Kapusta, Stelter and McCullough. Motion in Limine No. 4 seeks to exclude evidence of any claim that one or more of the defendants failed to intervene to prevent unconstitutional conduct.

With respect to each of these motions, the main argument of each of defendants' briefs is that the evidence, if admitted, is insufficient to establish the claim. This "sufficiency" argument is proper for a dispositive motion, but not a motion in limine. Without a full presentation of the available evidence and identification of factual disputes, I am not in a position to determine whether or not the evidence is sufficient to put a claim before a jury. At the September 27 status conference, I raised this issue with defendants. I noted that defendants had filed but withdrawn their summary judgment motion, meaning that the claims at issue in the present motions in limine had not yet been subjected to a sufficiency analysis. Defendants then argued that the subject claims had not been explicitly pled and that therefore plaintiff should not be allowed to put them before a jury.

It is true that plaintiff's amended complaint (ECF # 41) states various enumerated "counts," and that none of these counts is labelled, e.g., "excessive force against Officers Kapusta and Stelter," or "failure to intervene."[1] But "plaintiffs need not plead legal theories, and must plead in 'counts' only if they are founded

---

[1] I note for precision's sake that Count IV of the amended complaint is labelled "Illegal Search and Seizure against Officer Froilan Santiago, Officer Mark Kapusta, Officer Steven Stelter, and Sergeant Walter McCullough"—so, technically, the illegal seizure theory against the three additional officers was expressly identified in the complaint.

2

on different occurrences and doing so would promote clarity." *Shea v. Winnebago County Sheriff's Department*, 746 Fed.Appx 541, 545 (7th Cir. 2018)(citing Fed. R. Civ. P. 10(b)); *see also Bartholet v. Reishauer A.G (Zurich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992). The complaint was sufficient to notify the officers of the basis of the claims against them: that they participated in an incident in which Jimmy Harris was stopped, subjected to force, and arrested, allegedly in violation of his constitutional rights. *See Bartholet*, 963 F.2d at 1078. Typically, the process of litigation will refine and clarify the claims; that the pretrial litigation of this case has not yet crystallized the claims against the officers does not necessitate dismissal of those claims. *See id.* ("Complaints in a system of notice pleading initiate the litigation but recede into the background as the case progresses. Later documents, such as the pretrial order under Rule 16(e), refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments."). Indeed, here, the parties' pretrial reports and motions in limine are now functioning to refine the claims. The complaint's treatment of these claims is not a bar to their being presented at trial.

I will therefore deny defendants' Motions in Limine Nos. 1, 2, 3 and 4. Plaintiff may present the subject evidence at trial. At the close of plaintiff's case, defendants may make a dispositive motion arguing that plaintiff's evidence is insufficient to put the various claims before the jury.

*Motion to exclude evidence regarding complaints of misconduct against or discipline of any defendant officer.*

Defendants' Motion in Limine No. 5 seeks exclusion of evidence, testimony or argument regarding any complaints of misconduct against or discipline of any

defendant officer. Plaintiff does not oppose this motion. Accordingly, this motion is granted.

*Motion to exclude expert evidence or testimony that is beyond the scope of the opinions provided in the expert reports.*

Defendants' Motion in Limine No. 6 seeks exclusion of any expert testimony not disclosed in the plaintiff's expert reports. Federal Rule of Civil Procedure 26(a)(2)(B) requires that persons retained by a party to provide expert testimony in a case must prepare and disclose to the opposing party a written report containing, among other things, a complete statement of all opinions the witness will express and the reasons for them, and the facts and data considered by the witness in forming the opinions. Federal Rule of Civil Procedure 37(c)(1) provides that, if a party fails to disclose information as required by Fed. R. Civ. Pro. 26(a), the party may not use that information at trial unless the failure is substantially justified. Plaintiff has not made any argument or showing that his expert's failure to identify on the report the opinions to which he wishes to testify was substantially justified or harmless. The relief requested in defendants' motion is therefore consistent with the operation of Fed. R. Civ. Pro. 26(a) and 37(c), and I will grant the motion.

*Motion to exclude evidence in support of a supervisory liability claim against former Chief Flynn.*

Defendants' Motion in Limine No. 7 seeks exclusion of evidence of supervisory liability of former Milwaukee Police Chief Ed Flynn. At the September 27, 2019 status conference, plaintiff's counsel consented to dismissal of Chief

Flynn from the case. ECF # 128. Accordingly, evidence of Chief Flynn's personal liability is irrelevant to any fact now in issue. This motion in limine is granted.

*Motion to exclude certain materials identified in plaintiff's pretrial report.*

Defendants' Motion in Limine No. 8 seeks exclusion of the following materials identified in Plaintiffs Pretrial Report: "Journal Sentinel article;" "Walker's Point Association;" "News article 8/30/17;" "1999 Chrysler Sebring Colors." Defendants characterize each of these materials as inadmissible hearsay, and plaintiff makes no substantive response to this characterization—he neither shows that the materials are offered for a non-hearsay purpose nor identifies a hearsay exception within which the materials might fall. Therefore, I will grant this motion in limine.

*Motion to exclude evidence in support of request for punitive damages.*

Defendants' Motion in Limine No. 9 seeks exclusion of evidence in support of a request for punitive damages, on grounds that the complaint did not include in punitive damages in its prayer for relief with respect to plaintiffs' federal civil rights claims but only with respect to certain state tort claims. Defendants argue that therefore they were not put on notice that plaintiff intended to seek punitive damages recoverable pursuant to 42 U.S.C § 1983. This argument is overtechnical and entirely unpersuasive; as I've discussed at length above, pleadings are to be construed liberally and refined through litigation, and its no great surprise that plaintiff should pursue punitive damages on the basis of his allegations. Motion in Limine No. 9 is denied.

For the foregoing reasons, **IT IS ORDERED** that defendants' Motions in Limine Nos. 1, 2, 3, 4, and 9 (ECF # 115, 116, 117, 118, 123) are **DENIED.**

**IT IS FURTHER ORDERED** that defendants' Motions in Limine Nos. 5, 6, 7 and 8 (ECF # 119, 120, 121, 122) are **GRANTED.**

Dated at Milwaukee, Wisconsin, this 14th day of October, 2019.

s/Lynn Adelman
LYNN ADELMAN
District Judge

6

Case 2:14-cv-01002-LA   Filed 10/04/19   Page 6 of 6   Document 130