# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JIMMY HARRIS,**

        **Plaintiff,**

    **v.**                     **Case No. 14-CV-1002**

**CITY OF MILWAUKEE,**

        **Defendants.**

---

## FINAL JURY INSTRUCTIONS

## GENERAL INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, or public opinion to influence you. In this case, Defendants are members of the Milwaukee Police Department. The City of Milwaukee, a municipal corporation, is also a defendant. Plaintiff is a private citizen. All parties are equal before the law. Each of the parties is entitled to the same fair consideration.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be. For example, I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. If I cautioned or warned an

attorney during the trial, you are not to draw any inference against the side I cautioned or warned. If, during this trial, I asked a witness a question myself, do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You must give separate consideration to each claim and each party in the case. Although there are five defendants, it does not follow that if one is liable, any of the others is also liable.

## WHAT IS AND WHAT IS NOT EVIDENCE

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence. I will list them for you:

- First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

- Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

- Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

- Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## WEIGHING AND CONSIDERING THE EVIDENCE

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

4

## WITNESS TESTIMONY

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

5

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all the other evidence in the case.

Walter McCullough is a named defendant and was mentioned at trial but did not testify. You may, but are not required to, assume that Walter McCullough's testimony would have been unfavorable to him.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## UNLAWFUL STOP

Plaintiff claims that Defendant Froilan Santiago seized him without reasonable suspicion. To succeed on this claim, Plaintiff must prove the following by a preponderance of the evidence:

Defendant did not have a reasonable suspicion that Plaintiff had committed; was committing; was about to commit a crime. Reasonable suspicion must be based on specific facts known to the officer, together with the reasonable inferences from those facts.

I have decided to accept as proved the fact that Wisconsin law prohibits an officer from pulling over a vehicle solely because its color does not match the color on record in the state DMV registry. Reasonable suspicion must be based on facts known to Officer Santiago other than or in addition to the perceived mismatch between the color of the vehicle and the color in the DMV records.

A hunch does not constitute reasonable suspicion.

You may have heard the phrase, "probable cause." Probable cause is not required for the type of seizure you are considering. You should consider only whether there was reasonable suspicion for the seizure as I have defined it in this instruction.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the other questions on the verdict.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant.

## UNLAWFUL STOP – MUNICIPAL LIABILITY

If you find that Plaintiff has proved by a preponderance of the evidence that Froilan Santiago stopped him without reasonable suspicion, you must consider whether the city of Milwaukee is also liable to Plaintiff for the unlawful stop. The city of Milwaukee is not responsible simply because it employed Officer Santiago.

To succeed on his claim against the city of Milwaukee for a policy of failure to train its officers, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The city of Milwaukee's training program was not adequate to train its officers that car color alone was not a legal basis for a traffic stop;

2. The chief of police knew that it was highly predictable that officers would pull over cars on the basis of color alone without different training of its officers, because it was highly predictable even without a pattern of similar constitutional violations; and

3. The city of Milwaukee 's failure to provide adequate training caused the unlawful stop of Jimmy Harris.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

## EXCESSIVE FORCE

Plaintiff claims that Defendants Froilan Santiago, Mark Kapusta, and Steven Stelter each used excessive force against him. To succeed on this claim against a particular defendant, Plaintiff must prove by a preponderance of the evidence that the defendant used unreasonable force against Plaintiff.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether an officer used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of Plaintiff's injury, any efforts made by the officer to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officer, and whether Plaintiff was actively resisting arrest, but you are not limited to these circumstances.

You must decide whether a particular officer's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that particular officer faced. You must make this decision based on what the relevant officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether a defendant's use of force was unreasonable, you must not consider whether the defendant's intentions were good or bad.

**ASSAULT**

Plaintiff claims that Officer Santiago assaulted him. An assault occurred if:

1. Froilan Santiago intended to cause physical harm to plaintiff; and

2. Froilan Santiago acted to cause plaintiff to reasonably believe that Santiago had the present intent and ability to harm plaintiff.

The requirement that a defendant intended to cause bodily harm means that the defendant had the mental purpose to cause bodily harm to plaintiff or was aware that his conduct was practically certain to cause bodily harm to the plaintiff.

**BATTERY**

Plaintiff alleges that Officer Santiago committed a battery against him. A battery occurred if:

1. Froilan Santiago intentionally caused bodily harm to plaintiff; and

2. Plaintiff did not consent to the harm.

"Bodily harm" means physical pain or injury, illness, or any impairment of physical condition.

The requirement that Froilan Santiago intended to cause bodily harm means that he had the mental purpose to cause bodily harm to the plaintiff or was aware that his conduct was practically certain to cause bodily harm to the plaintiff.

**UNREASONABLE SEARCH**

Plaintiff alleges the defendant Froilan Santiago deprived him of his rights under the Fourth Amendment to the Constitution when Santiago searched the back seat and trunk of Plaintiff's vehicle. Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his vehicle. In order to prove that Officer Santiago deprived the Plaintiff of this Fourth Amendment right, the Plaintiff must prove that the search of his vehicle was unreasonable.

In determining whether the search was unreasonable, consider all of the circumstances, including:

(a) the scope of the particular intrusion;

(b) the manner in which it was conducted;

(c) the justification for initiating it; and

(d) the place in which it was conducted.

**UNLAWFUL ARREST**

Plaintiff claims that Defendant Froilan Santiago unlawfully arrested him. To succeed on this claim, Plaintiff must prove each of the following two things by a preponderance of the evidence:

1. Defendant arrested Plaintiff.

2. Defendant did not have probable cause to arrest Plaintiff.

Probable cause exists for the arrest exists if, at the moment the arrest was made, a reasonable person in the position of Defendant Froilan Santiago would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what Defendant Froilan Santiago knew and the reasonably trustworthy information Defendant had received.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the other questions on the verdict.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant.

## UNLAWFULLY ARREST – FAILURE TO INTERVENE

Plaintiff alleges that Defendant Walter McCullough failed to intervene to prevent ongoing violation of his constitutional rights following his false arrest. To succeed on his failure to intervene claim, Plaintiff must prove each of the following five things by a preponderance of the evidence:

1. Froilan Santiago unlawfully arrested Plaintiff.

2. Defendant Walter McCullough knew that Froilan Santiago had falsely arrested Plaintiff.

3. Defendant Walter McCullough had a realistic opportunity to do something to prevent harm from occurring.

4. Defendant Walter McCullough failed to take reasonable steps to prevent harm from occurring.

5. Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, Walter McCullough, and you will not consider the question of damages as to this particular Defendant.

## COMPENSATORY DAMAGES

If you find that Plaintiff has failed to prove one or more of his claims by a preponderance of the evidence, then you must find for Defendant(s) on that claim, and you will not consider the question of compensatory damages for that claim.

If, on the other hand, you find that Plaintiff has proved one or more of his claims by a preponderance of the evidence, then you must find for Plaintiff, and go on to consider the question of compensatory damages for that claim. You must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of unlawful conduct identified in the claim.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- **For All Claims,** you should consider the physical and mental and emotional pain and suffering that Plaintiff has experienced as a result of the unlawful conduct. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he sustained.

- **For the Excessive Force; Assault; and Battery Claims**, you may also consider the reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received as a result of the injuries sustained, as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

- **For the Unreasonable Search Claims,** you may also consider the damage to or incapacitation of Plaintiff's vehicle resulting from the unreasonable search.

If you find that in favor of Plaintiff on a claim but find that the plaintiff has failed to prove compensatory damages for that claim, you must return a verdict for Plaintiff in the amount of one dollar ($1.00) for that claim.

Case 2:14-cv-01002-LA   Filed 03/04/20   Page 17 of 19   Document 151

## PUNITIVE DAMAGES

If you find for Plaintiff on any of the claims, you may, but are not required to, assess punitive damages against the individual Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants. You may assess punitive damages only if you find that Defendants' conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendants simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;

- the impact of Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and Defendants;

- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Case 2:14-cv-01002-LA   Filed 03/04/20   Page 18 of 19   Document 151

## CONDUCT OF DELIBERATIONS

Your verdicts, whether for or against a party, must be unanimous. The verdicts must represent the considered judgment of each juror.

You should make every reasonable effort to reach a verdict on each claim in this case. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. **[Forms of verdict read.]**

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

19